Curia, per

Butler, J.
Since I have had an opportunity to look more fully intu this case, and have had the enlightening views of my brethren, I am satisfied that ray decision on the circuit should be reversed. The' point made is settled, I think, by the principles laid down in the cases of *199 Sturgineger vs. Hannah, and Hood, vs. Archer, reported in 2 N. & M’C. 147 and 149. In the case of Hood vs. Archer, the husband survived the wife, whose interest in laud had been sold under proceedings in partition. The purchase money had been paid to the Sheriff, subject to the demands of those entitled to receive it. The wife died before the husband had received her share into his actual possession ; held that the husband had no tight to the whole of his wife’s- share, but to one'third part under the Act of 1791. It is said in that case that the husband could not be considered as having possession of the money as long as it remained subject to the control of the court. In the case under consideration, the wife survived her husband, and the bond which Wicker gave to the Sheriff for the purchase money of the land in which his wife and others were interested, remaius unsatisfied, to the extent of the wife’s interest in it. If the land had not been sold the wife would have taken it free from any claim of her husband’s representatives. The right of inheritance of a married woman, is protected with jealous vigilance by the law. She cannot be deprived of it, but by a scrupulous adherence ‘to the statute providing the mode in which a married woman may part with her inheritance in land. The money arising from the sale of the land may go to the husband without observing all these provisions; but until he has taken it into his actual possession, or has made such an assignment of it as to vest a right in another, before his death, it will be regarded as belonging exclusively to the wife. Wicker was the obligor of the bond given to the Sheriff, and the Sheriff, like any other obligee having the legal title of the bond in him, could demaud and receive the money secured by it, and hold it subject to the control and direction of the court. It was not like a debt due to the wife before marriage, and which would have been released by the marriage, but it was a debt due to an officer of the court, who might have collected and paid the money into court, and asked an order for its distribution. It would follow then that at the death of Wicker, his bond was in the custody of the Sheriff, and under the control of the court. This excludes his possession, which was necessary to have given him a legal right to it.
The motion to set aside the non-suit is granted.
Richardson, Harper, Johnston, O’Neall, Evans, . DeSaussure, and Johnson, CC. and JJ., concurred.